IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID C. ALLAN,<br>Plaintiff,<br><br>v.<br><br>SALT LAKE COUNTY, *et al*.<br>Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:25-CV-895-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Plaintiff David C. Allan, then an inmate at the Salt Lake County Jail, brought a civil-rights complaint against various county defendants on October 8, 2025. *See* Dkt. No. 1. On November 26, 2025, the court observed that Mr. Allan's address had changed to a private one and ordered him to "either verify in a letter to the Court that [he] is still a prisoner and, if so, where; or . . . file a renewed Application to Proceed IFP, reflecting non-prisoner status." Dkt. No. 6. After Mr. Allan failed to do so for over six weeks, the court entered an order on January 12, 2026, ordering him, no later than February 12, 2026, to "SHOW CAUSE why this action should not be dismissed for failure to prosecute and to comply with the court's order." Dkt. No. 7. Mr. Allan did not respond to the order, and the court has not heard anything else from him since he filed a change-of-address notice on November 11, 2025, more than six months ago. *See* Dkt. No. 5.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the language of Rule 41(b) requires that the defendant file a motion

to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Courts also have inherent authority to clear their "calendars of cases that have remained dormant because of the inaction or dilatoriness of [a] part[y] seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Dismissal for failure to prosecute is the "standard" way to clear "deadwood from the courts' calendars" resulting from a plaintiff's "prolonged and unexcused delay." *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988).

This court's local civil rules thus provide that "[t]he court may issue at any time an order to show cause why a case should not be dismissed for lack of prosecution" and "[i]f good cause is not shown within the time prescribed by the order to show cause, the court may enter an order of dismissal with or without prejudice, as the court deems proper." DUCivR 41-2. Where dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007).[1]

---

[1] When dismissal is with prejudice—either by its terms or in effect—the court must consider "(1) the degree of actual prejudice to Plaintiff"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted). Although, in the interests of justice, the court will dismiss this action without prejudice, the court believes the *Ehrenhaus* factors would support dismissal with prejudice given Mr. Allan's failure to respond to two of the court's orders, including an order explicitly requiring him to show cause why this action should not be dismissed for failure to prosecute and comply with the court's orders.

The court finds that Mr. Allan has failed to prosecute this action, comply with this court's orders, or show good cause why this action should not be dismissed. The court accordingly dismisses Mr. Allan's action pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41-2. In the interest of justice, dismissal is without prejudice.

IT IS SO ORDERED.

DATED this 26th day of May, 2026.

BY THE COURT:

HOWARD C. NIELSON, JR.
United States District Judge

3